IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. LEAL, et al.,<br><br>　　　　　Defendants. | No. C 11-05550 YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND GRANTING SERVED DEFENDANTS'** *EX PARTE* **REQUEST FOR AN EXTENSION OF TIME TO FILE A DISPOSITIVE MOTION** |

Plaintiff has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, complaining that he was subjected to improper force during the course of his arrest. In its Order dated February 19, 2013, the Court reviewed the complaint and found Plaintiff's allegations stated cognizable claims for relief against Defendants Oakland Police Officers A. Leal, Francis, and M. Ziebrath. In that same Order, the Court ordered the complaint served on those Defendants and directed them to file an answer, and no later than ninety-one days from the date of their answer was due, "a motion for summary judgment or other dispositive motion" with respect to Plaintiff's cognizable claims, or to inform the Court if Defendants were of the opinion that the case could not be so resolved. (Feb. 19, 2013 Order at 4.)

On June 26, 2013, Defendants Leal and Ziebrath filed their answer.[1]

Defendants Leal's and Ziebrath's motion for summary judgment was due on September 25, 2013. However, to date, these Defendants have not filed their motion for summary judgment. Instead, their attorney has filed a letter dated December 12, 2013 "apologiz[ing] for [their] failure to file a dispositive motion within the time prescribed by the Court." (Docket No. 23.) Their attorney further explains that the "oversight resulted from an inadvertent failure to calendar this deadline." (*Id.*) Therefore, these Defendants have requested an extension of time in which to file their motion

---

[1] To date, Defendant Francis has not been served in this action because he is no longer working for the City of Oakland. (Docket No. 23.) In a separate written Order, the Court has directed Plaintiff to provide a current address for Defendant Francis within a twenty-eight-day deadline or face dismissal of all claims against this Defendants pursuant to Federal Rule of Civil Procedure 4(m).

1  for summary judgment up to and including February 7, 2014.  (*Id.*)  Thus, the Court construes their

2  letter as an *ex parte* motion for extension of time to file their dispositive motion.

3        Also before the Court is Plaintiff's "Motion for Default Judgment By Court to Defendants

4  Who [Have] Appeared in this Action."  (Docket No. 22.)  A default judgment cannot be entered

5  unless there is first a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.[2]  No

6  such default has been requested or entered.  Accordingly, Plaintiff's motion for default judgment

7  (Docket No. 22.) is DENIED.

8        Meanwhile, Because the served Defendants' attorney admits that she missed the dispositive

9  motion deadline because of an inadvertent calendar error, the Court has finds that one extension of

10  time is warranted.  Accordingly, having read and considered Defendants Leal's and Ziebrath's *ex*

11  *parte* request and good cause appearing,

12        IT IS HEREBY ORDERED that these Defendants' *ex parte* request for an extension of time

13  is GRANTED.  The time in which Defendants Leal and Ziebrath may file their motion for summary

14  judgment will be extended up to and including **February 7, 2014.**  Plaintiff's opposition to the

15  dispositive motion shall be filed with the Court and served on these Defendants no later than **sixty-**

16  **three (63) days** after the date their motion is filed.  These Defendants shall file a reply brief no later

17  than **twenty-eight (28) days** after the date Plaintiff's opposition is filed.

18        If Defendants Leal and Ziebrath fail to file their dispositive motion by the new deadline, ***the***

19  ***Court may consider the imposition of monetary sanctions***.  **No further extensions of time will be**

20  **granted in this case absent exigent circumstances.**

21        This Order terminates Docket Nos. 22 and 23.

22        IT IS SO ORDERED.

23  DATED:  January 3, 2014

                **Y**VONNE **G**ONZALEZ **R**OGERS
24                  **U**NITED **S**TATES **D**ISTRICT **C**OURT **J**UDGE

---

[2] There is a distinction between a "default," which ordinarily is entered by the Clerk of the Court pursuant to Rule 55(a), although it may be ordered by the Court, *Breur Elec. Mfg. v. Toronado Sys.*, 687 F.2d 182, 185 (7th Cir. 1982), and a "default *judgment*," which is entered by the Court pursuant to Rule 55(b).  In a case such as this, where the amount of damages is not a sum certain, before entering a default judgment the Court would hold a hearing and take evidence as to the amount of damages.  *See* Fed. R.Civ.P. 55(b)(2).

G:\PRO-SE\YGR\CR.11\Ray,Jr.5550.DenyDefJud&GrantEOT.MSJ.wpd       2

*Left margin:* **United States District Court** / For the Northern District of California