UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RAY, JR., | No. C 11-5550 YGR (PR) |
| Plaintiff, | **ORDER:**<br>**1. GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION;**<br>**2. VACATING THE COURT'S JANUARY 3, 2014 ORDER;** |
| v. | **3. DIRECTING UNITED STATES MARSHAL TO PERSONALLY SERVE DEFENDANT FRANCIS PURSUANT TO FRCP 4(e)(2);** |
| A. LEAL, et al., | **4. DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY;** |
| Defendants. | **5. GRANTING DEFENDANTS' REQUEST FOR A SECOND EXTENSION OF TIME TO FILE A DISPOSITIVE MOTION;**<br>**6. TO SHOW CAUSE RE: SANCTIONS; AND**<br>**7. SETTING BRIEFING SCHEDULE** |

## I.  Background

Plaintiff filed the instant *pro se* prisoner complaint under 42 U.S.C. § 1983 against Oakland Police Department Officers A. Leal, Francis and M. Ziebrath, who arrested Plaintiff for multiple robbery charges in 2006.  Plaintiff alleges that these Defendants used excessive force when they arrested him on August 27, 2006.

In an Order dated February 19, 2013, the Court found that Plaintiff's complaint stated a cognizable claim against Defendants Leal, Francis, and Ziebrath for a Fourth Amendment violation. The Court ordered service of the aforementioned Defendants by sending them request for waiver of service of summons forms.  To date, Defendant Francis has not yet been served.  The Court has directed Plaintiff to provide Defendant Francis's current address.  (Docket No. 24.)  However, Plaintiff has not provided the Court with this information.  Instead, Plaintiff has filed a "Motion for Reconsideration," requesting the Court to reconsider its request for him to provide such information and to direct the United States Marshal to serve Defendant Francis.  (Docket No. 27.)

Before the Court is the served Defendants' motion for a second extension of time to file a dispositive motion.  Also before the Court is Plaintiff's pending motion to compel discovery. (Docket No. 28.)  The Court GRANTS the served Defendants' motion for a second extension of time

to file their dispositive motion, and sets a new briefing schedule. The Court will also address the matter of unserved Defendant Francis as well as Plaintiff's pending motions below.

**II.     Overdue Dispositive Motion**

On June 26, 2013, served-Defendants Leal and Ziebrath filed their answer; however, they did not file a dispositive motion. Instead, their attorney, Arlene M. Rosen, Esq., filed a letter dated December 12, 2013 "apologiz[ing] for [Defendants'] failure to file a dispositive motion within the time prescribed by the Court." (Docket No. 23.) In an Order dated January 3, 2014, the Court granted Defendants a *sua sponte* extension of time to file their dispositive motion up to and including February 7, 2014. The Court added: "If Defendants Leal and Ziebrath fail to file their dispositive motion by the new deadline, *the Court may consider the imposition of monetary sanctions*." (Docket No. 25 at 2 (emphasis in original).) To date, Defendants' dispositive motion is presently overdue. Attorney Rosen has filed another letter "apologiz[ing] for [Defendants'] failure to file a dispositive motion as previously requested." (Docket No. 29.) She then makes a request on Defendants' behalf for a second extension of time up to and including "June 15, 2014"[1] to file their dispositive motion in this action. (*Id.*) She explains that the fact that Plaintiff has two cases "arising out of the same set of facts and circumstances" has led to "ongoing confusion about calendaring."[2] (*Id.*) Finally, she claims that she "intends to file a notice of related actions shortly" for the instant action and his other pending action, Case No. C 11-2923 YGR (PR). (*Id.*)

In an Order dated May 7, 2014 in Case No. C 11-2923 YGR (PR), the Court directed Attorney Rosen to file a Notice of Related Cases in that action because it is the one with the earlier filing date. (Docket No. 49 in Case No. C 11-2923 YGR (PR).) Attorney Rosen is directed to file a courtesy copy of the Notice of Related Cases in this action as well. *See* L.R. 3-12(b).

---

[1] The Court notes that June 15, 2014 is a Sunday.

[2] Following Plaintiff's incarceration in Santa Rita Jail on these charges, the Alameda County Social Services Agency, Department of Children and Family Services initiated proceedings that resulted in him losing custody of his four-year-old daughter, K. Ray. Plaintiff's other pending action -- Case No. 11-2923 YGR (PR) -- deals with alleged constitutional violations stemming from incidents prior to and during the proceedings that resulted in him losing custody of his daughter. Attorney Rosen also represents Defendants in that action and has failed to file a timely dispositive motion as well.

2

In that same Order, the Court also granted Attorney Rosen's request for an extension of time to file a dispositive motion and issued a new briefing schedule in that action.

In the instant action, the Court notes that it granted Attorney Rosen one previous extension of time to file a dispositive motion, and that it specifically warned her of the risk of the imposition of monetary sanctions if the February 7, 2014 deadline was not met. Three months have passed, and Attorney Rosen has not met that deadline, the Court issues below an order to show cause why monetary sanctions should not be issued. Nevertheless, the Court GRANTS Defendants' motion for a second extension of time to file their dispositive motion, and sets a new briefing schedule as outlined below.

## III. Unserved Defendant Francis and Plaintiff's Motion for Reconsideration

Defendant Francis has been identified by Plaintiff as an Oakland Police Department officer with badge number #8365P. As mentioned above, in its February 19, 2013 Order, the Court found that Plaintiff's complaint stated a cognizable excessive force claim against Defendant Francis and the other Defendants, and ordered the Clerk of the Court to send the complaint and request for waiver of service forms to the named Defendants. With the exception of Defendant Francis, all Defendants waived service and have appeared in this matter. Although the mail to Defendant Francis was not returned as undeliverable, Defendant Francis did not return a waiver of service within the thirty-day period provided in that notice and has not otherwise appeared in this matter. Instead, Attorney Rosen has informed the Court that Defendant Francis "no longer works for the City of Oakland, and the City Attorney requires his consent to our representation, the City Attorney's office cannot effect or waive service on his behalf." (Docket No. 23.)

As mentioned above, Plaintiff has filed a motion for the Court to reconsider its January 3, 2014 Order directing him to provide it with Defendant Francis's current address.

Pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure, when a waiver has not been obtained service may be effected by way of personal service. Plaintiff is proceeding *in forma pauperis*; therefore, he is entitled to such service by the United States Marshal. Fed. Rule Civ. P. 4(c)(2). Because the Court never received information as to Defendant Francis's last-known address from either Attorney Rosen or the Oakland Police Department, the Court finds that service by the

3

United States Marshal is warranted so as to obtain such information.  The Court GRANTS Plaintiff's motion for reconsideration (docket no. 27), and vacates its January 3, 2014 Order entitled, "Notice Regarding Inability to Serve Defendant Francis" (docket no. 24).

Good cause appearing therefor, the United States Marshal is hereby ORDERED to attempt to effect personal service upon Defendant Officer Francis #8365P at the Oakland Police Department, and obtain that Defendant's last-known address in the event that it is confirmed that he no longer works for the City of Oakland.  Upon obtaining this address, the United States Marshal shall serve Defendant Francis "personally" or at his "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or serve an agent of Defendant Francis "authorized by appointment or by law to receive service of process," as directed below.  Fed. R. Civ. P. 4(e)(2).  If service by the United States Marshal upon Defendant Francis is unsuccessful, then the Court will reissue its "Notice Regarding Inability to Serve Defendant Francis" and require Plaintiff to provide this Defendant's current address.

## IV.     Plaintiff's Motion to Compel Discovery

On February 24, 2014, Plaintiff filed a motion for an order compelling discovery.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.  For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . . .  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).

It is not an effective or appropriate use of the Court's limited resources for it to oversee all

4

aspects of discovery.  Thus, before filing a motion to compel, the moving party must first attempt to resolve the dispute informally with the opposing party.  It is only when the parties are unable to resolve the dispute after making a good faith effort to do so should they seek the Court's intervention.  *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1.  Because Plaintiff is incarcerated, he is not required to meet and confer with Defendants *in person.*  Rather, if Plaintiff's discovery requests are denied and he intends to pursue a motion to compel, he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information.  The letter should state the specific discovery he seeks, and state the reasons that Plaintiff believes he is entitled to such discovery.

Here, Plaintiff did not meet and confer with Defendants, which would have afforded them with a final opportunity to address each request upon which he now asks the Court to rule. Moreover, it may be that Plaintiff will obtain some sought-after discovery if Defendants file a motion for summary judgment and accompanying exhibits, with which Defendants shall also serve Plaintiff.  For these reasons, Plaintiff's motion to compel (docket no. 28) is DENIED as premature. The parties are directed to abide by the scheduling order to complete discovery outlined below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.	Defendants' attorney, Arlene M. Rosen, Esq., is ORDERED TO SHOW CAUSE why she should not be sanctioned in an amount of $150.00 for failing to meet the February 7, 2014 deadline to file a dispositive motion, as explained above.  A hearing on this Order to Show Cause will be held on **Friday, June 13, 2014** on the Court's 9:01 a.m. Calendar, in the Federal Courthouse, 1301 Clay Street, Oakland, California, in Courtroom 5.  Attorney Rosen must file a written response to this Order to Show Cause by **Friday, May 23, 2014**, if she contests it.  A telephonic appearance by Plaintiff may be permitted at the hearing if it goes forward.  Once the Court reviews the written response, it will determine whether to vacate the hearing or proceed.  Attorney Rosen must personally appear at the hearing.   She must also provide a copy of this Order and her response to her supervisor and certify the same to the Court.

Failure to file a timely written response will be deemed an admission that no good cause

exists for Attorney Rosen's failure to meet the February 7, 2014 deadline, sanctions will be imposed, and the order will issue without further proceedings.

    2.    If Attorney Rosen chooses to file a Notice of Related Cases in Case No. C 11-2923 YGR (PR), then she is directed to file a courtesy copy of the notice in this action as well.

    3.    Defendants' request for a second extension of time to file their dispositive motion (docket no. 29) is GRANTED. The Court now sets the following briefing schedule for Defendants' dispositive motion:

    a.    The time in which Defendants may file their dispositive motion will be extended up to and including **June 16, 2014.**

    b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **July 14, 2014.** A notice of what is required of Plaintiff in order to oppose dispositive motions, including summary judgment motions, will be filed at the time of filing of the dispositive motion. *See Woods v. Carey*, 684 F.3d 934, 935, 940-41 (9th Cir. 2012). Plaintiff must pay attention to such a notice as he prepares his opposition to any dispositive motion.

    c.    Defendants shall file a reply brief no later than **July 28, 2014.**

    d.    Due to the previous extensions that have been granted, the advanced age of this case, and the narrowness of the issues remaining for adjudication, the parties should not expect to receive extensions of any of the deadlines set above except upon a specific showing of good cause and extraordinary circumstances.

    4.    Plaintiff's motion to compel discovery (docket no. 28) is DENIED as premature. In the interests of justice, the Court sets a discovery cut-off date of **twenty-eight (28) days** from the date Plaintiff is served with Defendants' dispositive motion. If Plaintiff attempts to meet and confer with Defendants regarding requests for the production of documents and is not satisfied with the result he may file a renewed discovery motion. But in no event shall he file such a motion until after he has reviewed Defendants' dispositive motion.

    5.    The Court GRANTS Plaintiff's motion for reconsideration (docket no. 27), and vacates its January 3, 2014 Order entitled "Notice Regarding Inability to Serve Defendant Francis" (docket no. 24).

6. The United States Marshal is hereby ORDERED to attempt to effect personal service upon Defendant Officer Francis #8365P at the Oakland Police Department, and obtain that Defendant's last-known address in the event that it is confirmed that he no longer works for the City of Oakland. Upon obtaining the last-known address, the United States Marshal shall serve Defendant Francis "personally" or at his "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or serve an agent of Defendant Francis "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

The Clerk shall provide the United States Marshal with the necessary summons and copies of the complaint (docket no. 1), the Court's Order of Service dated February 19, 2013 (docket no. 12), and this Order. The United States Marshal shall comply with this Order within **twenty-eight (28) days**.

The Clerk shall include on the summons form, USM 285, the following special instructions:

Pursuant to Federal Rule of Civil Procedure 4(e)(2), the United States Marshal shall serve Officer Francis #8365P "personally" or at his "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or serve an agent of Officer Francis #8365P "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). The address for such service is at the Oakland Police Department, 455 7th St, Oakland, CA 94607.

7. This Order terminates Docket Nos. 27 and 28.

IT IS SO ORDERED.

DATED: May 13, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**