UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD V. RAY,<br><br>        Plaintiff,<br><br>   v.<br><br>A. LEAL, et al.,<br><br>        Defendants. | Case No. 11-cv-05550-YGR (PR)<br><br>**ORDER DENYING MOTION TO VACATE ORDER GRANTING SUMMARY JUDGMENT** |

This is a closed civil rights matter. Summary judgment was granted in favor of Defendants, and judgment entered on March 31, 2015. Dkts. 57, 58. On January 28, 2016, the Ninth Circuit Court of Appeals affirmed this Court's ruling. Dkt. 66. On April 26, 2016, the Ninth Circuit denied Petitioner's petition for panel rehearing. Dkt. 69. The mandate issued on May 6, 2016. Dkt. 70.

Plaintiff has filed a motion to vacate the order granting summary judgment for Defendants. Dkt. 67. Plaintiff again claims that the Court "failed and/or refused to afford [him] 'equitable tolling', with regards to the letter that Plaintiff mailed to the then Mayor of the City of Oakland, Ron Dellums." *Id.* at 2. However, the argument Plaintiff makes in his motion is not new. The Court has already considered Plaintiff's argument, and even after it found that he was entitled to an additional 418 days of equitable tolling to account for all of his attempts to obtain relief outside of the courts (including his aforementioned letter to former Mayor Dellums), his complaint was still untimely by 7 days. *See* Dkt. 57 10-14. The Court finds unavailing Plaintiff's argument that he is entitled to *further* equitable tolling during the time frame that Plaintiff failed to make "any further attempts to acquire a response from the [former] mayor's office or from the [Oakland Citizens' Police Review Board ("CPRB")] about his second CPRB complaint." *See* Dkt. 67 at 2 (brackets added). Plaintiff's argument fails because he is *not* entitled to equitable tolling during periods of inaction. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, *reasonably and in good faith*, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San*

1  *Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. State of California*, 21 Cal. 3d 313,

2  317 (1978)) (emphasis added).  Here, the Court noted the time frames Plaintiff took no action,

3  which are outlined in the following chart:

4      8/27/2006:                    Accrual date.

5      8/27/2006 - 7/26/2007:     Pursuing administrative filings for 333 days.

6      7/27/2007 - 4/20/2009:     NO ACTION for 633 days.

7      4/21/2009 - 7/15/2009:     Pursuing administrative filings for 85 days.

8      7/16/2009 - 10/25/2011:   NO ACTION for 831 days.

9      10/26/2011:                  Constructive filing date of federal complaint.

10 Dkt. 57 at 11.  The Court noted the specific time frame Plaintiff took no action and failed to

11 pursue the letter he sent to former Mayor Dellums, stating as follows:

12     After sending the July 15, 2009 letter to Mayor Dellums, Plaintiff
13     took no action for an additional 831 days until October 26, 2001,
    when he constructively filed his complaint in this Court.  Therefore,
14     even amidst pursuing his administrative filings, the record shows
    that Plaintiff arguably took no action, i.e., submits no evidence that
15     he pursued any other administrative filings during this time, for a
    total of 1464 days (633 days plus 831 days).

16 *Id.* at 11-12.  Prior to the its finding that Plaintiff was entitled to equitable tolling, the Court had

17 determined that his complaint was already untimely by more than two years, stating:

18     Despite the fact that Plaintiff was allotted four years to file his
19     excessive force claim relating to his arrest, he failed to do so until
    October 26, 2011—almost a year and two months after the two-year
20     statute of limitations expired.

21 *Id.* at 9.  As mentioned above, the Court granted Plaintiff an additional 418 days (333 days plus 85

22 days) of equitable tolling during the time frame he pursued his administrative filings.  *Id.* at 14.

23 However, "despite *liberally* granting him equitable tolling during the time he pursued his

24 administrative filings," the complaint was still untimely by 7 days.  *Id.* at 13 (emphasis in

25 original).  The Court did not grant Plaintiff equitable tolling during the 1464-day time frame of

26 inaction because Plaintiff did not act *reasonably* or *in good faith* to pursue his administrative

27 filings.  *See Cervantes*, 5 F.3d at 1275.

28     Moreover, the Ninth Circuit reviewed the action de novo and affirmed this Court's ruling.

Dkt. 66 at 1-2. The Ninth Circuit specifically stated that the "[d]ismissal of Ray's action was proper because, even with the benefit of statutory and equitable tolling, Ray failed to file his action within the applicable statute of limitations." *Id.* at 2. Therefore, Plaintiff is not entitled to relief from the judgment under any subsection of Federal Rule of 60(b). Accordingly, Plaintiff's motion to vacate the judgment is DENIED. Dkt. 67.

**No further filings will be accepted in this case file as this particular action is closed.**

This Order terminates Docket No. 67.

IT IS SO ORDERED.

Dated: July 29, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge